UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL S. ENGDAHL,

        Petitioner,        Case No. 1:08-cv-255

v.        Honorable Paul L. Maloney

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed without prejudice for failure to exhaust available state-court remedies. Also pending before the Court are Petitioner's motions to stay the proceedings pending exhaustion of state-court remedies (docket #4) and for an extension of time for filing a habeas corpus petition. For the same reasons I recommend the petition be dismissed, I also recommend that the motions be denied.

**Discussion**

    I.    Factual allegations

Petitioner Michael S. Engdahl is incarcerated at the Earnest C. Brooks Correctional Facility. He pleaded guilty in the Ottawa County Circuit Court on January 24, 2005, to one count of assault with intent to commit murder. On February 28, 2005, the trial court sentenced him to a term of imprisonment of 10½ to 20 years. Petitioner filed a delayed application for leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, in which he raised a single issue: whether his sentence was in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). The Michigan appellate courts denied leave to appeal on May 30, 2006, and December 28, 2006, respectively.

On September 19, 2007, Petitioner filed in the Ottawa County Circuit Court a motion for relief from judgment under MICH. CT. R. 6.500 et seq. Petitioner raised five claims: (1) the application of a retroactive change in procedural law; (2) the trial court abused its authority in sentencing; (3) the ineffective assistance of trial counsel; (4) the ineffective assistance of appellate counsel; and (5) prosecutorial misconduct in failing to reveal exculpatory evidence. The circuit court denied the motion, and Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on March 27, 2008. The motion was denied on June 6, 2008. Petitioner sought leave to appeal to the Michigan Supreme Court on June 13, 2008. The application for leave to appeal remains pending at this time.

In his habeas petition, Petitioner raises the following grounds for habeas corpus relief:

    I.    PETITIONER'S SENTENCE WAS DETERMINED IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO A JURY TRIAL UNDER

BLAKELY v WASHINGTON

II. APPLICATION OF RETROACTIVE CHANGE IN THE PROCEDURAL LAW ALLOWS A DEFENDANT TO FILE ASSISTANCE OF COUNSEL DUE TO THE UNITED STATES SUPREME COURT IN MASSARO v UNITED STATES

III. TRIAL COURT ABUSED IT'S [SIC] AUTHORITY FOR VIOLATION OF APPELLANTS [SIC] UNITED STATES CONSTITUTION AND MICHIGAN CONST. DUE PROCESS/EQUAL PROTECTION AT SENTENCING WITH ERRORS WITH SCORING, THUS A[N] UPWARD DEPARTURE BASED ON INACCURATE INFORMATION APPLICATION, DISPUTED FACTS TO SUPPORT

IV. DEFENDANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

VI. PROSECUTOR WITHHELD EXCULPATORY EVIDENCE FROM DEFENDANT, IN VIOLATION OF [] BRADY v MARYLAND

II. <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan*, 526 U.S. at 845.

- 4 -

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not yet fully exhausted Grounds II through VI.. He states, however, that he is confused about the tolling of his statute of limitations, and he seeks either a stay of the instant petition pending his exhaustion of his remaining state-court remedies or an extension of the limitations period.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has filed his one allotted motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. The Michigan Supreme Court has not, however, completed review of his application for leave to appeal the order denying the motion. Therefore, the Court concludes that Petitioner has not yet fully exhausted Grounds II through VI of his petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that

unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner sought leave to appeal his conviction to both the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on December 28, 2006. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Wednesday, March 28, 2007. Accordingly, absent tolling, Petitioner would have had until March 28, 2008, in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certoriari in the United Stated Supreme Court. *Id.* Petitioner filed his motion for relief from judgment in the Ottawa County Circuit Court on September 19, 2007. At the time he filed his motion, 175 days of his one-year period of limitations had expired. Petitioner therefore will have 190 days remaining in his limitations period when the Michigan Supreme Court issues its decision on his application for leave to appeal and the statute of limitations begins to run again.

Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed for failure to exhaust state court remedies. I also recommend that Petitioner's motions to stay the proceedings (docket #4) and for extension of the statute of limitations (docket #5) be denied. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  August 27, 2008                                          /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).